**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>American Eagle Delaware Holding Company LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10028 (JKS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 65 and 146** |

**DECLARATION OF KYLE HALLION IN SUPPORT OF MOTION OF
DEBTORS FOR ENTRY OF AN ORDER (A) APPROVING THE SALE OF CERTAIN
OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS, (B) AUTHORIZING THE
ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND
(C) GRANTING RELATED RELIEF**

I, Kyle Hallion, hereby declare under penalty of perjury:

1.  I am a Senior Director at Blueprint Healthcare Real Estate Advisors ("**Blueprint**"), the real estate advisor and broker to the above-captioned Debtors. In my role at Blueprint, I am responsible for sourcing potential engagement opportunities, as well as being responsible for the marketing and execution of individual transactions. Prior to Blueprint, I was a Director of Asset Management at Ventas, Inc., a publicly traded real estate investment trust focused on the ownership and management of senior housing and other healthcare facilities in the United States,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: American Eagle Delaware Holding Company LLC (4248), American Eagle Palmer Park LLC (d/b/a Lark Springs) (5908), American Eagle Tuskawilla LLC (d/b/a Palmetto Landing) (9489), American Eagle Leesburg AL LLC (d/b/a Vista Lake) (6258), American Eagle Brandon LLC (d/b/a Aldea Green) (6168), American Eagle Leesburg MC LLC (d/b/a Vista Lake) (7577), American Eagle Venice Island LLC (d/b/a Maris Pointe) (1695), American Eagle Titusville LLC (d/b/a Crescent Wood) (7210), American Eagle Island Lake LLC (d/b/a Cascade Heights) (1975), American Eagle Eau Gallie LLC (d/b/a Greenwood Place) (1483), American Eagle Owatonna AL LLC (d/b/a Timberdale Trace) (0555), American Eagle Hanceville LLC (d/b/a Monarch Place) (8173), American Eagle Ravenna LLC (d/b/a Vista Veranda) (9216), American Eagle Newark LLC (d/b/a Hearth Brook) (7125), American Eagle Kingston LLC (d/b/a Sycamore Springs) (4882), American Eagle Hendersonville LLC (d/b/a Red Cedar Glen) (3669), and American Eagle Pleasant Prairie LLC (d/b/a Robin Way) (9483). The Debtors' mailing address is American Eagle Delaware Holding Company LLC, c/o American Eagle Lifecare Corporation, 3819 Hawk Crest Rd., Ann Arbor, MI 48103.

Canada and the United Kingdom. I am a real estate professional with a long track record of working in the highly specialized the senior living real estate industry and am skilled in asset management, risk mitigation, real estate valuations, financial modeling, and corporate finance. I have significant experience in the marketing and sale of senior living facilities, underwriting individual and portfolio transactions, and I am highly familiar with negotiating key business terms included in purchase & sale agreements, NNN lease documents, and property management contracts.

2. Because I have been working with the Debtors and their professionals since August 2021, I am duly authorized to submit this declaration (the "**Declaration**") on behalf of Blueprint in support of the *Motion of Debtors for Entry of an Order (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 65] (the "**Sale Motion**"). Except as otherwise noted, I have personal knowledge of the matters set forth herein. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## THE SALE PROCESS

3. On January 14, 2022 (the "**Petition Date**"), each of the above-captioned debtors and debtors-in-possession (the "**Debtors**") filed a voluntary petition in this Court commencing a case for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") (the "**Chapter 11 Cases**").

4. As referenced in the Debtors' Sale Motion, prior to the Petition Date, the Debtors approached Blueprint for assistance with marketing and selling the Debtors' assisted living facility located at 700 S. Lake Street, Leesburg, Florida 34748 and the Debtors' memory care facility

located at 710 S. Lake Street, Leesburg, Florida 34748, both known as Vista Lake ("**Vista Lake**" and the "**Assets**").[2]

5.  On February 9, 2022, the Court entered an order authorizing the employment and retention of Blueprint as the real estate advisor and broker to the Debtors for the Assets. [Docket No. 123].

6.  Since August 2021, Blueprint has conducted a broad marketing process for potential regional and national operators for the Assets. To market the Assets, Blueprint contacted over 62 strategic and financial buyers known in the industry.

7.  As a result of a robust and extensive prepetition marketing process, Blueprint received 34 executed confidentiality agreements (a "**Confidentiality Agreement**") that permitted potentially interested parties to access a data room containing information on the Assets provided by the Debtors, as well as a confidential offering memorandum prepared by Blueprint concerning the Assets and apprising parties of the requirements to submit letters of intent detailing proposed transaction terms, and, as of the Petition Date, the Debtors received six non-binding expressions of interest for the Assets.

## THE BIDDING PROCEDURES AND SALE MOTION

8.  On January 20, 2022, the Debtors filed the Sale Motion, which requested an order of the Court to, among other things, (a) set key dates, times, and procedures related to the sale of the Vista Lake Facilities pursuant to an auction overseen by the Bankruptcy Court (the "**Vista Lake Sale**"), (b) authorize the Debtor to enter into a stalking horse purchase agreement (the "**Stalking Horse Agreement**") with a stalking horse purchaser (the "**Stalking Horse Purchaser**"), (c) establish certain procedures relating to the Debtors' assumption and assignment

---

[2] Capitalized terms not defined herein shall have their meaning(s) ascribed to them in the Sale Motion.

of executory contracts and unexpired leases in connection with the Vista Lake Sale, and (d) grant related relief. [Docket No. 65].

9. On February 9, 2022, the Debtors filed the *Declaration of Kyle Hallion in Support of Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter Into a Stalking Horse Agreement, (E) Approving Bid Protections, (F) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (G) Granting Related Relief; and (II) an Order (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 127] (the "**Bidding Procedures Declaration**"). The Bidding Procedures Declaration sets forth, *inter alia*, the extensive marketing efforts of Blueprint and the Debtors prior to the Petition Date and up to the date of the Bidding Procedures Declaration and is fully incorporated herein by reference.

10. On February 11, 2022, the Court entered an order approving bid procedures in connection with the potential Vista Lake Sale, scheduling an auction and sale hearing, approving the form and manner of notices, authorizing the Debtors to enter into the Stalking Horse Agreement, and granting other related relief (the "**Bid Procedures Order**") [Docket No. 146].

11. The Bid Procedures Order established certain bid procedures in connection with the Vista Lake Sale (the "**Bid Procedures**") and established a sale timeline for a prompt sale of the Assets. Among other deadlines, the Bid Procedures Order established the following dates and deadlines: (i) the deadline to submit a bid of March 28, 2022 at 4:00 p.m. (prevailing Eastern Time) (the "**Bid Deadline**"), (ii) in the event of more than one Qualified Bid, an Auction to be conducted

82882035.5

on March 31, 2022 at 10:00 a.m. (prevailing Eastern Time) (the "**Auction**"), and (iii) the hearing on the Vista Lake Sale on April 7, 2022 at 11:00 a.m. (prevailing Eastern Time).

12. On February 28, 2022, in accordance with the Bid Procedures Order, the Debtors filed the *Notice of Designation of Stalking Horse Purchaser for the Sale of the Vista Lake Assets* with the Bankruptcy Court, which identified the Debtors' designation of 11722 N 17th LLC ("**Atlantis**") as the Stalking Horse Purchaser in the Vista Lake Sale. [Docket No. 168].

13. On March 8, 2022, the Court entered the *Order (I) Approving Designation of the Stalking Horse Purchaser and (II) Approving Bid Protections* [Docket No. 228], which approved certain proposed bid protections in connection with the sale of the Assets, including (i) a break-up fee of up to 3% of the cash purchase price (the "**Break-Up Fee**"), (ii) a proposed expense reimbursement for all reasonable and documented out of pocket costs, expenses, and fees incurred doing diligence of the Assets not to exceed $50,000.00 (the "**Stalking Horse Expense Reimbursement**"), (iii) an initial overbid protection in an amount equal to $200,000.00 (the "**Initial Overbid**"), and (iv) minimum bid increments thereafter of $50,000.00 (the "**Minimum Overbid Increment**", together with the Initial Overbid, the Stalking Horse Expense Reimbursement, and the Break-Up Fee, the "**Bid Protections**").

## SUCCESSFUL BIDDER DESIGNATED AT THE AUCTION

14. Under the Bid Procedures Order, the Stalking Horse Bid was considered a Qualified Bid. By the Bid Deadline, the Debtors received Qualified Bids for the Assets from (i) Illuminate HC, LLC ("**Illuminate**"), and (ii) Gold Standard of Care, LLC ("**Gold Standard**").

15. On March 31, 2022, the Debtors conducted a virtual Auction via Zoom. In accordance with the Bid Procedures Order and Bid Procedures, in advance of the Auction, the Debtors provided rules and procedures that would govern the Auction. Counsel and other

representatives for the Debtors, the Bond Trustee and Master Trustee, Atlantis, Illuminate, Gold Standard, and other parties in interest were present at the Auction. Throughout the Auction, the Debtors and their advisors consulted with the Bond Trustee and Master Trustee (together as the "**Consultation Parties**") in accordance with the Bid Procedures.

16. After consultation with the Consultation Parties, the Debtors determined that Gold Standard's Bid would be the Starting Bid, which included a cash purchase price of $5,000,000. The Debtors determined that any Bid of Atlantis would include a $170,000 break-up fee and expense reimbursement credit to the purchase price so that the Bids could be compared based on the net cash benefit to the Debtors' estates. The Debtors commenced the bidding on the Assets, and after two rounds of overbidding by Atlantis and Illuminate, Gold Standard declined to submit any further overbid, ending Gold Standard's participation in the Auction. After three more rounds of overbidding, Illuminate submitted an overbid of $7,100,000 cash, and Atlantis declined to submit any further overbid. After consulting with the Consultation Parties and the Debtors' management and their professionals, the Debtors determined that Illuminate's bid to purchase the Assets for a purchase price of $7,100,000 cash was the Successful Bid and Illuminate was the Successful Bidder. Atlantis was selected as the Backup Bidder for a purchase price of $7,000,000[3] for the Assets. The Debtors then concluded the Auction for the Assets.

17. All negotiations by the Debtors with Gold Standard, Atlantis, and Illuminate were at arm's length and in good faith. Illuminate also provided the Debtors with information showing that it has the financial wherewithal to close this transaction.

---

[3] $7,000,000 includes $6,830,000 cash plus a $170,000 break-up fee and expense reimbursement credit.

**APPROVAL OF SALE**

18. Following the Auction, on March 31, 2022, the Debtors filed the *Notice of Successful Bidder* [Docket No. 279], notifying interested parties of the selected Successful Bidder and the Backup Bidder.

19. Following the Auction, the Debtors' President, Todd Topliff (a) approved the Successful Bid and the Backup Bid, (b) authorized the Debtors to seek approval from the Court of the Successful Bid and the Backup Bid, and (c) subject to the final Court approval, authorized the Debtors to consummate and close the transaction contemplated by the Successful Bid, or if the Successful Bid fails to close on the terms and conditions specified by the Court, consummate and close the transaction contemplated by the Backup Bid.

20. Following the approval by Mr. Topliff, the Debtors sought to finalize the documents memorializing the Successful Bid.

21. To the best of my knowledge, information and belief: (a) the Debtors conducted the Auction, which complied in all respects with the Bid Procedures Order, (b) the Auction process set forth in the Bid Procedures Order afforded a full, fair, and reasonable opportunity for any bidder to make a higher or otherwise better offer to purchase the Assets, (c) the Auction was duly noticed and conducted in a non-collusive, fair, and good faith manner, and a reasonable opportunity has been given to any Qualified Bidder to make a higher and better offer for the Assets, and (d) the Auction was transcribed. As noted above, at the conclusion of the Auction the Debtors determined that Illuminate was the Successful Bidder for the Assets.

22. Neither the Successful Bidder nor the Backup Bidder is an insider or affiliate of any of the Debtors and no common identity of incorporators, directors, managers, controlling

shareholders, or other insider of the Debtors exist between the Successful Bidder or the Backup Bidder, and the Debtors.

23. To the best of my knowledge, information, and belief: (a) the Debtors and the Successful Bidder extensively negotiated the terms and conditions of the Agreement in good faith and at arm's length; (b) the Successful Bidder is purchasing the Assets and has entered into the Agreement in good faith and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (i) the Successful Bidder recognized the Debtors were free to deal with any other party interested in purchasing the Assets; (ii) the Successful Bidder agreed that its bid was subject to competitive bidding at the Auction; (iii) all payments to be made by the Successful Bidder and other agreements or arrangements entered into by the Successful Bidder in connection with the Vista Lake Sale have been disclosed; (iv) the purchase price proposed by the Successful Bidder under the Agreement was not controlled by any agreement among other bidders; (v) no common identity of directors or controlling stockholders exists between the Successful Bidder and the Debtors; and (vi) the negotiations and executions of the Agreement were at arm's length and in good faith. Additionally, the Debtors and the Successful Bidder were each represented by their own respective counsel and other advisors during such arm's length negotiations in connection with the Agreement and the Vista Lake Sale.

24. I believe that the Successful Bidder would not have entered into the Agreement if the sale of the Assets was not free and clear of all liens, claims, encumbrances, and other interests (except as may be set forth in the Agreement), or if the Successful Bidder would, or in the future could, be liable for any such interests.

25. Accordingly, based on the foregoing and my experience, I believe that the terms of the Agreement with the Successful Bidder represent the highest and best offer for the Assets after

the reasonable and thorough marketing and bidding process by the Debtors. I also believe that the Agreement will provide a greater recovery for the Debtors' estates and creditors than would be provided by any other available alternative.

I declare under penalty of perjury that the foregoing is true and correct:

Dated: April 5, 2022

*/s/ Kyle Hallion*
Kyle Hallion
Senior Director, Blueprint Healthcare Real Estate Advisors

82882035.5